**Bardell BROWN, Plaintiff–Appellant,**

v.

**KOESTER ENVIRONMENTAL SERVICES, INC., Defendant–Appellee.**

No. 02–7075.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 17, 2003.

John Charles Cook, Allred, Bacon, Halfhill & Young, Fairfax, VA, Ian Williams, Law Office of Ian A. Williams, Washington, DC, for Plaintiff–Appellant.

Kevin Joseph O'Connell, O'Connell & O'Connell, Rockville, MD, John Michael Clifford, Clifford, Lyons & Garde, Washington, DC, for Defendant–Appellee.

BEFORE: HENDERSON, TATEL and ROBERTS, Circuit Judges.

*JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's opinion and order filed May 30, 2002, be affirmed. The district court properly granted summary judgment to defendant Koester Environmental Services (KES) on plaintiff Brown's disparate treatment discrimination claim brought under the D.C. Human Rights Act. *See* D.C.Code §§ 2–1401 *et seq.* Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), once the employer

has articulated legitimate, non-discriminatory reasons for the challenged employment action, a plaintiff --- to survive summary judgment --- must present evidence sufficient to create a material issue of fact as to whether the employer's proffered justification is a pretext for discrimination. *See Aka v. Washington Hospital Ctr.,* 156 F.3d 1284, 1288 (D.C.Cir.1998) (en banc). Although "it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation," *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (emphasis in original), Brown --- for the reasons stated in the opinion of the district court --- has failed to cast doubt upon KES's non-discriminatory justifications.

The district court also properly granted KES's motion for summary judgment on Brown's hostile work environment claim. The D.C. Human Rights Act is governed by a one-year statute of limitations. *See* D.C.Code § 2–1403.16. Plaintiff filed the instant action on July 24, 2000. Under a "continuing violation" theory, "[i]n order for the charge to be timely, the employee need only file a charge within [one year] of any act that is part of the hostile work environment." *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 118, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Here all the acts supporting Brown's hostile work environment claim occurred prior to July 24, 1999 --- more than one year before the initiation of the lawsuit. The district court thus correctly found those allegations to be no longer actionable.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en

banc. *See* Fed. R.App. P. 41(b); D.C.Cir.
Rule 41(a)(1).